# United States Court of Appeals
# for the Federal Circuit

---

**AVENTIS PHARMA S.A. AND
SANOFI-AVENTIS U.S., LLC,**
*Plaintiffs-Appellants,*

**v.**

**HOSPIRA, INC.,**
*Defendant-Appellee,*

**and**

**APOTEX INC. AND APOTEX CORP.,**
*Defendants-Cross Appellants.*

---

2011-1018, -1047

---

Appeals from the United States District Court for the District of Delaware in consolidated case nos. 07-CV-0721 and 08-CV-0496, Chief Judge Gregory M. Sleet.

---

**ON MOTION**

---

Before PROST, MAYER, and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

## O R D E R

Aventis Pharma S.A. and Sanofi-Aventis U.S., LLC (Aventis) move to dismiss appeal no. 2011-1047 as an

improper cross-appeal. Apotex Inc. and Apotex Corp. (Apotex) oppose. Aventis replies.

Aventis sued Apotex for patent infringement. That case was consolidated with another suit against Hospira Inc. involving the same patents. On September 27, 2010, the district court entered final judgment in favor of Apotex and Hospira, finding that all the asserted claims of the patents in suit were invalid for obviousness and unenforceable due to inequitable conduct. Aventis appealed to this court. Apotex filed a "protective" cross-appeal to preserve its ability to challenge the district court's finding that some of the asserted claims were not invalid for double-patenting, in the event that this court vacated and reversed the district court's judgment finding Apotex's patents invalid for obviousness and unenforceable due to inequitable conduct.

On November 1, 2010, Aventis contacted Apotex and requested that it voluntarily withdraw the "protective" cross-appeal. Aventis explained that our Practice Notes to Federal Rule of Appellate Procedure 28.1 explicitly warn against filing a cross-appeal that does not seek to modify or overturn the judgment of the trial court. Aventis also pointed out that our precedent in *TypeRight* indicates that it is improper to use a cross-appeal to seek review of either non-infringement or alternative invalidity arguments when the relevant claims of a patent are found invalid. *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1156-57 (Fed. Cir. 2004). Aventis advised Apotex that if forced to move for dismissal of the cross-appeal, Aventis will seek the attorneys' fees and costs incurred in connection with the dismissal.

In an email dated November 3, 2010, Apotex explained that it still believed its cross-appeal was proper, and claimed (without citation or explanation) that *TypeRight* could be distinguished. It also claimed (again without citation) that Federal Circuit precedent sup-

ported their position, and that other appellate courts allow conditional cross-appeals. Aventis subsequently moved to dismiss the cross-appeal.

Our precedent consistently warns against the improper use of a cross-appeal to reach issues that do not otherwise expand the scope of the judgment. A cross-appeal may only be filed "when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment." *Bailey v. Dart Container Corp.*, 292 F.3d 1360, 1362 (Fed. Cir. 2002); *see also TypeRight*, 374 F.3d at 1156 ("A party may cross-appeal if adversely affected by the appealed judgment in some particular which it seeks to have modified."). In *Bailey* we explained that an unwarranted cross-appeal "unnecessarily expands the amount of briefing," and also gives "the appellee an unfair opportunity to file the final brief and have the final oral argument, contrary to established rules." *Bailey*, 292 F.3d at 1362.

Our practice with respect to cross-appeals does not limit the arguments that can be presented on appeal. Attorneys are free to devote as much of their responsive briefing as needed to flesh out additional arguments and alternative grounds for affirming the judgment on appeal. *Id.* They are not free, however, to game the system by filing a cross-appeal to obtain the final word: this is neither fair to the appellant nor an efficient use of the appellate process.

Apotex incorrectly argues that our practice is in material conflict with other circuits. Other circuits may allow a conditional cross-appeal as a means to raise additional arguments which do not expand the scope of the judgment. We also provide the opportunity to raise additional arguments, but require parties to raise such arguments in their primary briefing. Thus, parties appearing before us have the same substantive opportunity to make their

arguments, although the means used to do so differs in form.

Turning to the case at hand, the district court held all asserted claims invalid for obviousness and both patents in suit unenforceable, yet Apotex nevertheless filed a cross-appeal regarding (1) additional claims for invalidity and (2) claims of non-infringement directed to the same claims. "Where, as here, the district court has entered a judgment of invalidity as to all of the asserted claims, there is no basis for a cross-appeal as to either (1) additional claims for invalidity or (2) claims of non-infringement." *TypeRight*, 374 F.3d at 1157. Our precedent is clear: the conditional cross-appeal is improper, and we grant the motion to dismiss.

Apotex's conduct in this case is particularly egregious given that Aventis explained that *TypeRight* prohibits exactly the type of cross-appeal filed. Given an opportunity to withdraw the improper cross-appeal, Apotex instead claimed it could distinguish *TypeRight* from the present case. Apotex's distinctions are unavailing: merely styling their appeal as a conditional cross-appeal does not distinguish *TypeRight*.

Similarly, Apotex's argument that *TypeRight* is limited to cases where the trial court previously declined to reach the other grounds for affirming the judgment is incorrect. *TypeRight* explains, as a general matter, that a finding of invalidity means there is "no basis for a cross-appeal" of non-infringement or additional claims of invalidity. *TypeRight*, 374 F.3d at 1157. In *TypeRight*, we struck the offending portions of Microsoft's briefing and treated Microsoft's arguments as alternate grounds for affirming the judgment. While we ultimately declined to reach Microsoft's arguments for the first time on appeal, *id.* at 1160, that decision was unrelated to our decision to dismiss the cross-appeal. As such, Apotex's arguments distinguishing *TypeRight* are without merit.

As Apotex points out, we have not *sua sponte* struck every improperly filed cross-appeal. This infrequent leniency is not an invitation to flaunt our practice and precedent, and the improper use of a cross-appeal directly contrary to our precedent may meet with sanctions. We understand Aventis plans to seek attorneys' fees and costs incurred in connection with the motion to dismiss Apotex's improper cross-appeal, and will evaluate its request in due course.

In sum, Apotex's cross-appeal is improper because, if successful, it would not expand the scope of the judgment in Apotex's favor. *Bailey*, 292 F.3d at 1362. Apotex may, consistent with our practice and precedent, raise these arguments in its appellees' brief if it so chooses. We have considered Apotex's remaining arguments and find them to be unpersuasive.

Accordingly,

IT IS ORDERED THAT:

(1) Aventis's motion to dismiss is granted. Appeal no. 2011-1047 is dismissed.

(2) The appellees' briefs are due within 40 days of the date of filing of this order.

FOR THE COURT

<u>March 24, 2011</u>                         <u>/s/ Jan Horbaly</u>
           Date                                    Jan Horbaly
                                                   Clerk

cc:  George F. Pappas, Esq.
     James F. Hurst, Esq.
     Arthur M. Dresner, Esq.

s20