# United States Court of Appeals for the Federal Circuit

———————————

**CUSTOMEDIA TECHNOLOGIES, LLC,**
*Appellant*

**v.**

**DISH NETWORK CORPORATION, DISH NETWORK LLC,**
*Appellees*

———————————

2019-1001

———————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. CBM2017-00019.

———————————

**ON MOTION**

———————————

RAYMOND WILLIAM MORT, III, The Mort Law Firm, PLLC, Austin, TX, for appellant.

ELIOT DAMON WILLIAMS, Baker Botts LLP, Palo Alto, CA, for appellees. Also represented by GEORGE HOPKINS GUY, III; ALI DHANANI, MICHAEL HAWES Houston, TX.

———————————

PER CURIAM.

**O R D E R**

Customedia Technologies, LLC moves to vacate and remand in light of this court's recent decision in *Arthrex, Inc. v. Smith & Nephew, Inc.*, No. 2018-2140 (Fed. Cir. Oct. 31, 2019). That decision vacated and remanded for the matter to be decided by a new panel of Administrative Patent Judges ("APJs") at the Patent Trial and Appeal Board after this court concluded that the APJs' appointments violated the Appointments Clause. Customedia's motion seeks to assert the same challenge here.

We conclude that Customedia has forfeited its Appointments Clause challenge. "Our law is well established that arguments not raised in the opening brief are waived." *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) (citing *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1320–21 n.3 (Fed. Cir. 2005)). That rule applies with equal force to Appointments Clause challenges. *See, e.g.*, *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018); *Turner Bros., Inc. v. Conley*, 757 F. App'x 697, 699–700 (10th Cir. 2018); *see also Arthrex*, slip op. at 29 (emphasizing that Appointments Clause challenges are not jurisdictional and that the court was granting relief only when the party had properly raised the challenge on appeal). Customedia did not raise any semblance of an Appointments Clause challenge in its opening brief or raise this challenge in a motion filed prior to its opening brief. Consequently, we must treat that argument as forfeited in this appeal.

Accordingly,

IT IS ORDERED THAT:

The motion to vacate and remand is denied.

FOR THE COURT

November 1, 2019
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court