NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VIVINT,**
*Appellant*

**v.**

**ALARM.COM INC.,**
*Appellee*

**ANDREW HIRSHFELD, PERFORMING THE FUNCTIONS AND DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2019-2438, 2019-2439

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2016-00116, IPR2016-00173.

---

Decided: April 13, 2021

---

ROBERT GREENE STERNE, Sterne Kessler Goldstein & Fox, PLLC, Washington, DC, argued for appellant. Also

represented by JASON DANIEL EISENBERG, WILLIAM MILLIKEN.

RICHARD J. STARK, Cravath Swaine & Moore LLP, New York, NY, argued for appellee. Also represented by MARC KHADPE; DAVID PHILLIP EMERY, WILLIAM MANDIR, Sughrue Mion PLLC, Washington, DC.

MAI-TRANG DUC DANG, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor. Also represented by THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED.

––––––––––––––––––––

Before O'MALLEY, REYNA, and HUGHES, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* O'MALLEY.

Dissenting opinion filed by *Circuit Judge* Reyna.

O'MALLEY, *Circuit Judge.*

Vivint appeals from final written decisions in two underlying *inter partes* review ("IPR") proceedings. This is the second appeal relating to these IPRs. Vivint does not object to the substance of the rulings at issue in this appeal. Vivint only asks that we vacate and remand the Patent Trial and Appeal Board's ("Board's") decisions in light of *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019). We have already held that Vivint forfeited this constitutional challenge. *See* Order Denying Vivint Inc.'s Mot. to Vacate and Remand, *Vivint, Inc. v. Alarm.com Inc.*, No. 19-2438 (Fed. Cir. Jan. 16, 2020), ECF No. 29. For the reasons explained below, we reiterate that conclusion and *affirm* the Board's decisions.

## I. BACKGROUND

This appeal arises out of Alarm.com's IPR petitions asserting that certain claims of U.S. Patent Nos. 6,147,601 ("the '601 patent") and 6,717,513 ("the '513 patent") are

invalid on obviousness grounds.  The Board initially found that Alarm.com had demonstrated that some (but not all) of the challenged claims were unpatentable.  Vivint appealed the Board's unpatentability determinations, and Alarm.com cross-appealed the Board's patentability determinations.

In Vivint's first appeal, our court affirmed the Board's unpatentability determinations but only affirmed certain of its patentability determinations.  *See Vivint, Inc. v. Alarm.com Inc.*, 754 F. App'x 999 (Fed. Cir. 2018).  As for the other patentability determinations, we reversed the Board's construction of one claim term, vacated the Board's patentability conclusions concerning claims containing that term, and remanded for further proceedings.  *Id.*  On remand, the Board concluded that the remanded claims were also unpatentable as obvious.  *See Alarm.com Inc. v. Vivint, Inc.*, No. IPR2016-00116, 2019 WL 3331444 (P.T.A.B. July 24, 2019); *Alarm.com Inc. v. Vivint, Inc.*, No. IPR2016-00173, 2019 WL 3330466 (P.T.A.B. July 24, 2019).

Vivint appealed the Board's decisions on remand.  Approximately six weeks after Vivint filed its second appeal, we issued our decision in *Arthrex*, holding that Administrative Patent Judges ("APJs") constitute "principal officers" within the meaning of the Appointments Clause and, thus, must be appointed by the President and confirmed by the Senate.  *Arthrex, Inc.*, 941 F.3d at 1327.  Since the America Invents Act does not follow this appointments scheme, we remedied this constitutional infirmity by severing part of Title 35.  *Id.* at 1338.  As a practical consequence of this severance, we vacated the Board's decision in *Arthrex* and remanded it to a different panel of APJs who had been constitutionally appointed.  *Id.* at 1338–1339.

After *Arthrex* issued, Vivint filed a motion to vacate the Board's decisions on remand, arguing that the APJs who had rendered the opinion were unconstitutionally

appointed.  *See* Vivint Inc.'s Mot. to Vacate and Remand, *Vivint, Inc.*, No. 19-2438 (Fed. Cir. Nov. 26, 2019), ECF No. 18.  Alarm.com opposed Vivint's motion, contending that Vivint had forfeited its Appointments Clause challenge by failing to raise it in the first appeal and that the mandate rule barred Vivint's request.  *See* Alarm.com Opp'n to Vivint Inc.'s Mot. to Vacate and Remand, *Vivint, Inc.*, No. 19-2438 (Fed. Cir. Dec. 4, 2019), ECF No. 21.  The Director of the United States Patent and Trademark Office appeared as an intervenor and requested that we hold our decision in Vivint's second appeal pending the outcome of our *en banc* consideration of *Arthrex*.  *See* USPTO Director's Opp'n to Vivint Inc.'s Mot. to Vacate and Remand, *Vivint, Inc.*, No. 19-2438 (Fed. Cir. Dec. 27, 2019), ECF No. 24.

We denied Vivint's motion.  Order Denying Vivint Inc.'s Mot. to Vacate and Remand, *Vivint, Inc.*, No. 19-2438 (Fed. Cir. Jan. 16, 2020), ECF No. 29.  We found that Vivint had forfeited its constitutional argument by failing to raise an Appointments Clause challenge in its first appeal.  *Id.* at 2.  We also rejected Vivint's argument that we should excuse its forfeiture on grounds that *Arthrex* constituted an intervening change in law.  *Id.* (citing *Customedia Techs., LLC v. Dish Network Corp.*, 941 F.3d 1174 (Fed. Cir. 2019) and *Sanofi-Aventis Deutschland GMBH v. Mylan Pharm. Inc.*, 791 F. App'x 916, 928 n.4 (Fed. Cir. 2019), *cert. denied*, 141 S. Ct. 266 (2020) for the proposition that the arguments Vivint raised had "been squarely raised and rejected by this court").

In its second appeal, Vivint submits arguments that are almost identical to those it made unsuccessfully in its motion to vacate and remand.  Vivint again argues that, in light of *Arthrex*, we should remand this case to constitutionally appointed APJs.  Vivint again also contends that it did not forfeit its Appointments Clause challenge because *Arthrex* constituted a significant change in law.  It now also contends that forfeiture should not apply to its first appeal because Vivint only partially prevailed in the

underlying IPR proceedings that were the subject of that appeal. Vivint alternatively argues that, if we do not vacate and remand, we should hold this case in abeyance pending Supreme Court resolution of the constitutional issues *Arthrex* raised.

## II. DISCUSSION

We review constitutional questions de novo. *See Schaeffler Grp. USA, Inc. v. United States*, 786 F.3d 1354, 1358 (Fed. Cir. 2015).

Vivint raises two arguments on appeal: (1) Vivint did not forfeit its Appointments Clause challenge; and (2) we should hold this case in abeyance pending Supreme Court review of the Board's APJ appointment scheme. We address each argument in turn.[1]

### A. Vivint forfeited its Appointments Clause challenge by not raising it in its first appeal

Vivint argues that, because the APJs who rendered the Board's decisions on remand were unconstitutionally appointed, we should remand this case to a new, constitutionally appointed panel. Acknowledging that we have already ruled that it has forfeited this constitutional challenge, Vivint attempts to distinguish this case from *Customedia*, 941 F.3d 1174, and *Sanofi-Aventis*, 791 F. App'x 916—the cases we cited in our previous order to support our forfeiture conclusion. According to Vivint, *Customedia* and *Sanofi-Aventis* "dealt with forfeiture where a party failed to raise an Appointments Clause challeng[e] in its opening brief on appeal; here, Vivint made its Appointments Clause

---

[1] We reject the government's contention that Vivint is barred from asking the merits panel to reconsider the court's earlier one-judge order. We assess the merits of Vivint's arguments anew.

argument before even filing its opening brief." Appellant's Br. 6 n.1.

We disagree with Vivint. Vivint failed to raise an Appointments Clause challenge in its *first appeal*, in which it contested the Board's findings of invalidity. This constitutes a forfeiture in light of our positions in *Customedia* and *Sanofi-Aventis*. *See Customedia Techs.*, 941 F.3d at 1175 ("Customedia did not raise any semblance of an Appointments Clause challenge in its opening brief or raise this challenge in a motion filed prior to its opening brief."); *see also Sanofi-Aventis*, 791 F. App'x at 928 n.4 ("Our precedent holds that failure to raise the *Arthrex* Appointments Clause issue in the opening brief forfeits the challenge.") (citations omitted). That Vivint raised an Appointments Clause challenge in its *second appeal*, in which it disputed the Board's decisions on remand, does not revive its already forfeited challenge. As we explained in *Arthrex*, it was Vivint's obligation to raise its Appointments Clause challenge before the first court who could have provided it relief. *Arthrex*, 941 F.3d at 1339.

We are sympathetic to the fact that, at the time Vivint filed its first appeal, we had not yet held that the Board's APJs were unconstitutionally appointed. Such a situation, however, does not "hold parties to a standard of clairvoyance" as Vivint argues. Appellant's Br. 8. Rather, parties in these circumstances are free to raise constitutional arguments based on any good faith argument available to it, including one under the Appointments Clause. Indeed, Vivint raised a constitutional argument based on the then-pending *Oil States Energy Services, LLC v. Greene's Energy Group, LLC*, 138 S. Ct. 1365 (2018) case. Vivint notes that it did this "out of an abundance of caution to preserve its rights, given that the issue was being actively litigated in the Supreme Court." Appellant's Br. 10 n.2. While failure to raise a constitutional challenge where similar challenges are already being litigated presents the most obvious circumstance in which to find forfeiture, it is not the only such

circumstance.  As *Arthrex* did, Vivint could have been among the first to press such a challenge before us.

Once its first appeal was decided, all matters which could have been raised then—but were not—were foreclosed.  The remand after that first appeal was on one very narrow ground, and that ground is all that remains to be litigated in this subsequent appeal.  *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008); *see also Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999); *see also Talasila, Inc. v. United States*, 524 F. App'x 671, 673 (Fed. Cir. 2013).

Despite these conclusions—which are consistent with our positions in *Customedia* and *Sanofi-Aventis*—Vivint asserts that its apparent forfeiture should be forgiven for two reasons.  First, because it is similarly situated to the appellant in *Steuben*.  And, second, because *Arthrex* was a substantial change in the law, which we have held in other contexts can be grounds to forgive what would otherwise constitute forfeiture.  *See, e.g.*, *In re Micron Tech., Inc.*, 875 F.3d 1091, 1097 (Fed. Cir. 2017) ("[A] sufficiently sharp change of law sometimes is a ground for permitting a party to advance a position that it did not advance earlier in the proceeding when the law at the time was strongly enough against that position.") (citing *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 350 (1971)).  Neither argument persuades us to rethink our earlier conclusions.

Vivint first contends that it did not forfeit its *Arthrex* challenge in light of our recent order in *Steuben*.  *See* Order Granting Mot. for Recons., *Steuben Foods, Inc. v. Nestle USA, Inc.*, No. 20-1082 (Fed. Cir. Mar. 30, 2020), ECF No. 44.  According to Vivint, we vacated and remanded the Board's decision for proceedings consistent with our decision in *Arthrex* even though Steuben's case was on appeal for a second time.  Vivint argues that our court did not require Steuben "to raise an Appointments Clause challenge

in the earlier appeal to preserve it because Steuben was the prevailing party in that appeal." Appellant's Br. 9. Because Vivint only partially prevailed in the judgments at issue in its first appeal, Vivint argues that it "should not be required to have risked its own win by raising an Appointments Clause challenge on pain of forfeiting the argument." *Id.* at 10.

Vivint's reliance on *Steuben* is misplaced. In *Steuben*, Nestle lost certain issues before the Board, which it appealed. *See* Appellant's Mot. for Recons. 1–2, *Steuben*, No. 20-1082 (Fed. Cir. Feb. 13, 2020), ECF No. 36 ("Steuben's Motion"). Steuben responded, but did not appeal any issues itself. Our court vacated and remanded the Board's decision. *See Nestle USA, Inc. v. Steuben Foods, Inc.*, 884 F.3d 1350 (Fed. Cir. 2018). On remand, the Board ruled against Steuben on the issues on which it previously had prevailed, and Steuben then appealed. Appellee's Resp. to Mot. to Remand 1–2, *Steuben*, No. 20-1082 (Fed. Cir. Nov. 15, 2019), ECF No. 17. In this second appeal, Steuben moved to vacate the Board's decision in light of *Arthrex*. Appellant's Mot. to Remand 1, *Steuben*, No. 20-1082 (Fed. Cir. Nov. 8, 2019), ECF No. 13. We initially ruled, as we did in our motions order in this case, that Steuben had forfeited its constitutional challenge by failing to raise it in the first appeal. *See* Order Denying Steuben's Mot. to Remand, *Steuben*, No. 20-1082 (Fed. Cir. Jan. 30, 2020), ECF No. 33. Steuben filed a motion for reconsideration, arguing that it could not have filed a cross-appeal in the first appeal because it had been the prevailing party before the Board. *See* Steuben's Motion, at 3 (citing *Aventis Pharma S.A. v. Hospira, Inc.*, 637 F.3d 1341, 1343 (Fed. Cir. 2011) for the proposition that "[a] cross-appeal may only be filed 'when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary'"). And Steuben pointed out that, "[a] cross-appeal raising an Appointments Clause challenge—if successful—would have taken away [its] rights under a final written decision in its favor." *Id.*

After considering Steuben's arguments, we concluded that, because Steuben had not failed to assert its constitutional challenge before the first court that could provide it relief, Steuben's motion for reconsideration should be granted. We then vacated our original ruling and remanded Steuben's appeal to the Board for proceedings consistent with our decision in *Arthrex*. *See* Order Granting Mot. for Recons., *Steuben*, No. 20-1082 (Fed. Cir. Mar. 30, 2020), ECF No. 44.

This case is distinguishable from *Steuben*. Unlike Steuben, who was the *appellee* in its first appeal, Vivint was the *appellant/cross-appellee* in its first appeal. Vivint's status as the *appellant* in its first appeal is significant. Steuben was *not permitted* to seek any affirmative relief in its first appeal because it was the prevailing party on all issues on appeal. Were Steuben to successfully cross-appeal on an Appointments Clause challenge in the first appeal, moreover, the resulting vacatur and remand would have been entirely contrary to Steuben's interests because, as the *appellee*, its sole goal was to urge affirmance of the Board. Here, by contrast, Vivint was an appellant seeking affirmative relief. A constitutional challenge to the authority of those who ruled against it on those appealed claims would support that request. Unlike Steuben, Vivint's goal, at least in large part, was to overturn the Board's rulings.

We turn now to Vivint's contention that *Arthrex* was such a substantial and unanticipated change in the law that forfeiture should be forgiven. In our motions order, we rejected this same argument, citing to our decision in *Sanofi-Aventis*. While the majority in *Sanofi-Aventis* neither mentioned nor discussed the change in the law theory, and cited nothing in support of its rejection of it, the issue was both raised by the appellant and highlighted at some

10                                                    VIVINT, INC. v. ALARM.COM INC.

length by the dissent.[2]  We concluded, accordingly, that, in rejecting the *Arthrex* challenge there on forfeiture grounds, the court also must have rejected the appellant's reliance on this exception to forfeiture.  We continue to believe that this is the only way to read *Sanofi-Aventis*.  We have summarily rejected the same argument in other non-precedential decisions as well.  *See, e.g.*, *Essity Hygiene and Health AB v. Cascades Canada ULC, Tarzana Enterprises, LLC*, No. 19-1736 (Fed. Cir. Nov. 25, 2019), ECF No. 58; *see also IYM Techs. LLC v. RPX Corp.*, No. 19-1761 (Fed. Cir. May 8, 2020), ECF No. 53.

We also reject the argument that *Arthrex* was such a substantial change in the law that any forfeiture should be forgiven.  Indeed, *Arthrex* itself goes a long way toward answering the question for us.  As we recognized in *Micron*, the change in the law exception only applies in circumstances where the law was strongly settled against the later ruling.  875 F.3d at 1097.  There we cited, among many other cases, *Blonder-Tongue*, 402 U.S. at 350 for the proposition that forfeiture can be forgiven where an argument would have been futile under controlling precedent, and *Curtis Publishing Company v. Butts*, 388 U.S. 130 (1967) for the proposition that waiver can be forgiven where at the time of trial there was "strong precedent" indicating that the opposite of the new ruling was the law.  *Micron*, 875 F.3d at 1098; *see also Bennett v. City of Holyoke*, 362 F.3d 1, 7 (1st Cir. 2004) ("[W]e will excuse a party for failing to raise a defense only when the defense, if timely asserted, would have been futile under binding precedent.").

---

[2]    In *Sanofi-Aventis*, we cited only to *Customedia*. While *Customedia* did deal with the question of forfeiture, the change in the law exception was neither raised nor decided in that case.

In *Micron*, we found that the Supreme Court's ruling in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017) was a sufficient intervening change in the law to forgive forfeiture. We relied on the fact that our court had consistently read 28 U.S.C. §§ 1391(c) and 1400(b) differently than the Supreme Court interpreted those provisions in *TC Heartland*. *Micron*, 875 F.3d at 1099–1100. We found significant the fact that the district court was so clearly bound by our law that it could not have afforded a party before it any relief not dictated by our pre-*TC Heartland* reading of the relevant statutory venue provisions. *Id.* This case is different from *Micron*; materially so.

*Arthrex* did not change any well-settled or binding principles of law. *Arthrex* was the first time our court addressed an Appointments Clause challenge relating to PTAB APJ's. There was no settled law on the point; there was, in fact, no Federal Circuit law on the point. To the extent there was analogous law from other circuits, the law was consistent with where our court landed on the question in *Arthrex*. *See, e.g.*, *Intercollegiate Broad. Sys., Inc. v. Copyright Royalty Bd.*, 684 F.3d 1332 (D.C. Cir. 2012) (holding that the appointments of Copyright Royalty Judges violated the Appointments Clause and remedying this constitutional defect by vacating and remanding these judges' determinations after severing their removal protections). As we said in *Arthrex*, and as Judge Moore pointed out in *Arthrex II*, our decision simply followed well-established Supreme Court precedent set forth, in among other cases, *Edmond v. United States*, 520 U.S. 651 (1997), *Free Enterprise Fund v. Public Company Accounting Oversight Board*, 561 U.S. 477 (2010), and *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018). *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320, 1327–1334; *Arthrex, Inc. v. Smith & Nephew, Inc.*, 953 F.3d 760, 762–763 (Fed. Cir. 2020). To the extent there was any serious academic discussion of the issue, moreover, the conclusion—long before *Arthrex* issued—

presaged our conclusion in *Arthrex*. John F. Duffy, *Are Administrative Patent Judges Unconstitutional?*, 2007 Patently-O Pat. L.J. 21, 25 (2007). Given these realities, there was simply no settled or firmly established principle upended by *Arthrex*.

As we explained in *Ciena Corp. v. Oyster Optics, LLC*, 958 F.3d 1157, 1161 (Fed. Cir. 2020), moreover, while courts have discretion to forgive waivers of non-jurisdictional challenges, such as Appointments Clause challenges, they also have the discretion to decline to do so. As we said there, though we forgave forfeiture in *Arthrex* itself to address an important, structural question of first impression, we remain free to impose standard principles of waiver in later cases raising the same challenge. *Id.* (citing *United States v. Booker*, 543 U.S. 220, 268 (2005)). Because we find that no exception to the standard principles of waiver apply here, we exercise our discretion not to forgive Vivint's forfeiture of its Appointments Clause challenge.

For all these reasons, we find that Vivint forfeited its Appointments Clause challenge and that no exception forgives that forfeiture.

## B. We will not hold this case in abeyance pending Supreme Court review of the Board's APJ appointments scheme

Vivint alternatively argues that we should hold this case in abeyance pending final resolution of the Appointments Clause issues presented in *Arthrex* (or other related cases). Vivint does not cite any cases to support the proposition that a case should be held in abeyance even when the appellant has forfeited its Appointments Clause challenge. Rather, according to Vivint, "[i]f the [Supreme] Court were . . . to hold that the *Arthrex* Court's remedy did not go far enough to remedy the constitutional violation, Vivint would unquestionably be entitled to a new hearing before a constitutionally appointed panel." Appellant's Br. 10. Vivint goes on to argue that "the *Arthrex* panel's remedy

did not remedy the Appointments Clause problem and [] in any event, the remedy is inconsistent with congressional intent because it creates an adjudicatory scheme for IPRs that violates the Administrative Procedure Act." *Id.* at 11.

We are unpersuaded by Vivint's arguments. We already rejected a challenge to the remedy in *Arthrex*. *Arthrex, Inc. v. Smith & Nephew, Inc.*, 953 F.3d 760 (Fed. Cir. 2020). And, in relation to Vivint's arguments in this appeal, the Supreme Court has more than once declined to grant certiorari on the question of whether *Arthrex* was such a meaningful change in the law that any forfeiture should be forgiven. *IYM Techs. LLC v. RPX Corp.*, 796 F. App'x 752 (Fed. Cir. 2020), *cert. denied*, No. 20-424, 2020 WL 6701120 (U.S. Nov. 16, 2020); *Customedia Techs. LLC v. Dish Network Corp.*, 783 F. App'x 1041 (Fed. Cir. 2019), *cert. denied*, 141 S. Ct. 555 (2020). Our court has consistently declined to hold cases in abeyance where appellants have forfeited their Appointments Clause challenges. *See, e.g.*, *Sanofi-Aventis*, 791 F. App'x at 928 n.4; *Huawei Techs. Co. v. Iancu*, 813 F. App'x 505, 512 n.1 (Fed. Cir. 2020). We see no reason to depart from our practice here.

## III. CONCLUSION

We find that Vivint has forfeited its constitutional challenge under *Arthrex*. Given this forfeiture, we decline to hold this case in abeyance pending Supreme Court review of the Appointments Clause issues addressed in that decision. We therefore *affirm* the Board's decisions on remand.

## AFFIRMED

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**VIVINT, INC.,**
*Appellant*

**v.**

**ALARM.COM INC.,**
*Appellee*

**ANDREW HIRSHFELD, PERFORMING THE
FUNCTIONS AND DUTIES OF THE UNDER
SECRETARY OF COMMERCE FOR
INTELLECTUAL PROPERTY AND DIRECTOR OF
THE UNITED STATES PATENT AND TRADEMARK
OFFICE,**
*Intervenor*

_____

2019-2438, 2019-2439
_____

Appeals from the United States Patent and Trademark
Office, Patent Trial and Appeal Board in Nos. IPR2016-
00116, IPR2016-00173.
_____

REYNA, *Circuit Judge*, dissenting.

The majority would have all parties be clairvoyant.  My
colleagues would require Vivint to have raised an Appoint-
ments Clause challenge on or before November 2, 2017—

the date in which it filed its opening brief in the previous appeal to this court. *See Vivint, Inc. v. Alarm.com Inc.*, No. 17-2218 (Fed. Cir. Nov. 2, 2017), ECF No. 23. That is two years before *Arthrex* issued, and nearly one year prior to the filing of the *Arthrex* opening brief in October 2018. *See Arthrex, Inc. v. Smith & Nephew, Inc.*, No. 18-2140 (Fed. Cir. Oct. 19, 2018), ECF No. 16. The majority thus faults Vivint for its lack of foresight and holds that any *Arthrex*-based Appointments Clause challenge it may have had is foreclosed on forfeiture grounds. To support that proposition, the majority relies on our post-*Arthrex* decisions in *Customedia Technologies, Sanofi-Aventis, Essity*, and *IYM Technologies*. *See* Majority Op. at 5, 9–10. But those cases do not involve an appellant that filed an *Arthrex*-based challenge in its opening brief.

*Customedia Technologies* created a bright-line forfeiture rule that forecloses an Appointments Clause challenge for appellants that fail to raise the issue in the opening brief or in a motion filed prior to the opening brief. *See Customedia Techs., LLC v. Dish Network Corp.*, 941 F.3d 1174, 1175 (Fed. Cir. 2019). Here, Vivint raised the issue in its opening brief and nearly five months prior to that in the motion that the court denied. *See* Order, *Vivint, Inc. v. Alarm.com Inc.,* No. 19-2438 (Fed. Cir. Jan. 16, 2020), ECF No. 29. Because Vivint has complied with the *Customedia Technologies* rule, I see no reason to depart from the uniform application of our precedent.

Litigants "'cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made'[;] . . . the doctrine of waiver demands conscientiousness, not clairvoyance, from parties." *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009) (internal citations omitted). This principle applies with equal force in the forfeiture context.

VIVINT, INC. v. ALARM.COM INC.                                    3

I am also not persuaded that we should depart from this court's judgment in *Steuben Foods, Inc. v. Nestle USA, Inc.*, No. 20-1082, ECF No. 44 (Fed. Cir. Mar. 30, 2020) merely because this case concerns a partial, rather than complete victory at the initial Board proceeding. A successful vacatur-and-remand motion based on an Appointments Clause theory in the first appeal would have led to vacatur of the entire Board decision, including all determinations favorable to Vivint. The majority requires that Vivint should have argued against its own interests in exchange for the opportunity to challenge an unfavorable-in-part agency determination. Such a holding is inconsistent with our post-*Arthrex* decisions.

With respect, I dissent.